United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COREY DENARD PITRE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-0890 |
| | § | |
| EARLY WARNING SERVICES, LLC, | § | |
| *Defendant*. | § | |

## ORDER

Plaintiff, appearing pro se, sued Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (FCRA). ECF 1-4. This case is before the Court on Defendant's Motion for Summary Judgment.[1] ECF 23. Defendant filed and served the Motion on April 21, 2022, but Plaintiff filed a change of address on May 2, 2022. ECF 26. Defendant filed an Amended Certificate of Service attesting that the Motion was served on Plaintiff at his new address on June 2, 2022. ECF 27. Plaintiff did not file a timely response to the Motion. *See* LOC. R. S.D. TEX. 7.3, 7.4. Having reviewed the Motion and the law, the Court GRANTS Defendant's Motion for Summary Judgment and DISMISSES Plaintiff's claims with prejudice.

**I.   Background**

Plaintiff is a consumer who in June 2020, prior to filing this lawsuit, raised disputes with defendant Early Warning Services, LLC, (EWS), a Credit Reporting Agency governed by the FCRA, regarding the accuracy of certain bank accounts on his credit report. Unsatisfied with EWS's response to his complaint, Plaintiff filed a Small Claims Petition against EWS in Justice of the Peace Court in Harris County, Texas on February 1, 2021, asserting that Defendant "was

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including final judgment. ECF 22.

negligent in reporting false and/or fraudulent accounts on my consumer credit report with them." ECF 1-4. Plaintiff asserted that the Defendant was in violation of the "Fair Credit Act" and requested $4,500.00 in damages and removal of allegedly fraudulent accounts from his report. *Id.* Defendant timely removed the case to federal court asserting federal subject matter jurisdiction based on the FCRA. ECF 1.

At the initial conference on May 5, 2021, the Court ordered Plaintiff to file a "list and brief explanation of the information that he believes has been wrongfully placed on his credit report." ECF 12. On May 20, 2021, the Court ordered Plaintiff to briefly describe the reason he is disputing each account. ECF 14. Plaintiff identified 8 disputed accounts (one at Compass Bank, two at Bank of America, Texas, three at Bank of Oklahoma, and two at JP Morgan Chase Texas) he contends are not his and are the result of identity theft. ECF 15; 17. Defendant moves for summary judgment on all of Plaintiff's claims.

## II.   Summary judgment standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits,

depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclu[sory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

When no response to a motion for summary judgment is filed, a federal court may not grant a motion for summary judgment by default, but may find the facts presented by the movant to be undisputed. *Safeco Insurance Co. of America v. Progressive Cty. Mut. Ins. Co.*, No. 4:21-CV-03297, 2022 WL 2818751, at *1 (S.D. Tex. July 19, 2022) (citing *Morgan v. Federal Express Corp*, 114 F Supp 3d 434, 437 (S.D. Tex. 2015) and *Eversley v. MBank of Dallas*, 843 F2d 172, 174 (5th Cir. 1988)).

### III.   Analysis

#### A.   Section 1681i

15 U.S.C. § 1681i requires a CRA such as EWS to conduct a reasonable reinvestigation of disputed information presented to it by a consumer; to provide prompt notice of the dispute to the furnisher of the disputed information; to determine whether the dispute is frivolous or irrelevant and if so to provide the consumer notice of the determination with reasons and other relevant

information; to review and consider all relevant information provided by the consumer; to delete promptly from its reporting any information found to be inaccurate or incomplete; to provide a consumer written notice of the results of its reinvestigation; and upon request to provide within 15 days a description of the CRA's reinvestigation procedure. To succeed on a claim for violation of FCRA § 1681i a plaintiff must show that he disputed the accuracy of information on his credit report, the CRA did not reinvestigate the dispute as required, the CRA was negligent, the consumer was injured, and the consumer's injury was caused by the CRA's "failure to reinvestigate and record the current status of the disputed information or delete the item from the file." *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 751 n.88 (S.D. Tex. 2006) (citing *Waggoner v. Trans Union, LLC,* No. Civ. A. 302CV1494G, 2003 WL 22220668, at *9 (N.D.Tex. July 17, 2003) and *Zala v. Trans Union, LLC*, No. CIV. A. 3:99–CV–0399, 2001 WL 210693, at *5 (N.D.Tex. Jan.17, 2001)).

### B. Plaintiff's Disputed Accounts

Plaintiff has not presented any evidence in support of his claims that EWS violated FRCA § 1681i by not reinvestigating his allegation that eight bank accounts that appear on his credit report were fraudulent and opened as a result of identity theft. Defendant's undisputed evidence[2] regarding its reinvestigation of each account establishes as follows:

**Compass Bank Account ending in 8415**. Plaintiff disputed the accuracy of this account on June 15, 2020. EWS forwarded Plaintiff's information regarding his dispute of this account to Compass Bank. Compass determined the account should be deleted due to identity theft. EWS

---

[2] All of the facts in this Order are undisputed and are established by the Declaration of Scott Bernier, Customer Service Manager for EWS, and attached Exhibits. ECF 23 at 28-115.

deleted the account and notified Plaintiff on June 11, 2020 that the account had been removed from EWS credit reporting.

**Bank of America Account ending in 5420.** Plaintiff disputed the accuracy of this account on June 2, 2020. Plaintiff included with his dispute a police report dated February 5, 2020 indicating that Plaintiff reported identify theft occurring between December 31, 2019 and February 5, 2020. EWS forwarded the information from Plaintiff to Bank of America for investigation. Bank of America informed EWS that this account was opened on October 19, 2017 and closed on September 26, 2018. EWS reviewed information it received from Bank of America, including a signature card and statements reflecting activity, and concluded the account was accurate. EWS informed Plaintiff on June 26, 2020 that it had confirmed that the account was reporting accurately.

**Bank of America Account ending in 5417.** Plaintiff disputed the accuracy of this account on June 2, 2020. Plaintiff included with his dispute a police report dated February 5, 2020 indicating that Plaintiff reported identify theft occurring between December 31, 2019 and February 5, 2020. EWS forwarded the information from Plaintiff to Bank of America for investigation. Information EWS received from Bank of America showed this account was opened on October 19, 2017 and closed on October 5, 2018. EWS reviewed information from Bank of America, including a signature card and statements reflecting activity, and concluded the account was accurate. EWS informed Plaintiff on June 26, 2020 that it had confirmed the account was reporting accurately.

**Bank of Oklahoma Account ending in 6883.** Plaintiff disputed the accuracy of this account on June 2, 2020. Plaintiff included with his dispute a police report dated February 5, 2020 indicating that Plaintiff reported identify theft occurring between December 31, 2019 and February

5, 2020.  EWS forwarded the information from Plaintiff to Bank of Oklahoma for investigation. Information EWS received from Bank of Oklahoma showed this account was opened on August 14, 2018 and closed on August 24, 2018.  EWS reviewed information from Bank of Oklahoma, including the bank's representation that "client has opened accounts in the past using more than one SSN, this poses a risk to the bank.  Do not open accounts for this client."  EWS informed Plaintiff on July 2, 2020 that it had confirmed the account was reporting accurately.

Plaintiff then provided an earlier police report dated August 19, 2018 in which Plaintiff reported identify theft occurring between June 1, 2018 and August 19, 2018.  EWS again reinvestigated the dispute and provided the new information to Bank of Oklahoma.  At that time, Bank of Oklahoma put an identity theft block on the account and it is no longer on Plaintiff's credit reports.

**Bank of Oklahoma Account ending in 7161.**  Plaintiff disputed the accuracy of this account on June 2, 2020.  Plaintiff included with his dispute a police report dated February 5, 2020 indicating that Plaintiff reported identify theft occurring between December 31, 2019 and February 5, 2020.  EWS forwarded the information from Plaintiff to Bank of Oklahoma for investigation. Information EWS received from Bank of Oklahoma showed this account was opened on August 14, 2018 and closed about ten days later on August 27, 2018.  EWS reviewed information from Bank of Oklahoma, including the bank's representation that "client has opened accounts in the past using more than one SSN, this poses a risk to the bank.  Do not open accounts for this client." EWS informed Plaintiff on July 2, 2020 that it had confirmed the account was reporting accurately.

Plaintiff then provided an earlier police report dated August 19, 2018 in which Plaintiff reported identify theft occurring between June 1, 2018 and August 19, 2018.  EWS again

reinvestigated the dispute and provided the new information to Bank of Oklahoma.  At that time, Bank of Oklahoma put an identity theft block on the account and it is no longer on Plaintiff's credit reports.

**Bank of Oklahoma Account ending in 0748.**  Plaintiff disputed the accuracy of this account on June 2, 2020.  Plaintiff included with his dispute a police report dated February 5, 2020 indicating that Plaintiff reported identify theft occurring between December 31, 2019 and February 5, 2020.  EWS forwarded the information from Plaintiff to Bank of Oklahoma for investigation.  Information EWS received from Bank of Oklahoma showed this account was opened on June 21, 2017 and closed on June 23, 2017.  EWS reviewed information from Bank of Oklahoma, including the bank's representation that "client has opened accounts in the past using more than one SSN, this poses a risk to the bank.  Do not open accounts for this client."  EWS informed Plaintiff on July 2, 2020 that it had confirmed the account was reporting accurately.

Plaintiff then provided an earlier police report dated August 19, 2018 in which Plaintiff reported identify theft occurring between June 1, 2018 and August 19, 2018.  EWS again reinvestigated the dispute and provided the new information to Bank of Oklahoma.  Although the account was opened and closed before the identity theft reported in August 2018, Bank of Oklahoma did not verify the account and therefore it is no longer appearing on Plaintiff's credit reports.

**JPMorgan Chase Texas Account ending in 2596.**  Plaintiff disputed the accuracy of this account on June 2, 2020.  Plaintiff included with his dispute a police report dated February 5, 2020 indicating that Plaintiff reported identify theft occurring between December 31, 2019 and February 5, 2020.  EWS forwarded the information from Plaintiff to JPMorgan Chase for investigation.

Information EWS received from JPMorgan Chase this account was opened on August 23, 2014 and closed on January 19, 2016.  EWS reviewed information from JPMorgan Chase, including information that JPMorgan Chase validated Plaintiff's driver's license used to open the account, and concluded the account was accurate.  EWS informed Plaintiff on June 17, 2020 that it had confirmed the account was reporting accurately.

**JPMorgan Chase Texas Account ending in 9268.**  Plaintiff disputed the accuracy of this account on June 2, 2020.  Plaintiff included with his dispute a police report dated February 5, 2020 indicating that Plaintiff reported identify theft occurring between December 31, 2019 and February 5, 2020.  EWS forwarded the information from Plaintiff to JPMorgan Chase for investigation.  Information EWS received from JPMorgan Chase this account was opened on August 23, 2014 and closed on June 30, 2015.  EWS reviewed information from JPMorgan Chase, including information that JPMorgan Chae validated the driver's license used to open the account, and concluded the account was accurate.  EWS informed Plaintiff on June 15, 2020 that it had confirmed the account was reporting accurately.

Because Plaintiff did not respond to EWS's Motion for Summary Judgment, EWS's statements of fact are undisputed and the Court accepts them as true.  *See Safeco Insurance Co. of America v. Progressive Cty. Mut. Ins. Co.*, No. 4:21-CV-03297, 2022 WL 2818751, at *1 (S.D. Tex. July 19, 2022) (holding that when there is no response on file, "the court may find as undisputed the statement of facts in the motion for summary judgment," citing *Morgan v. Federal Express Corp*, 114 F Supp 3d 434, 437 (S.D. Tex. 2015) and *Eversley v. MBank of Dallas*, 843 F2d 172, 174 (5th Cir. 1988)).  EWS has shown that it fulfilled its obligations under FCRA § 1681 to reinvestigate the disputed accounts on his credit report.  Plaintiff did not engage in discovery in

8

this case and has presented no contradictory evidence to meet his summary judgment burden to create a genuine issue of material fact on each element of his claims. Plaintiff has not submitted any evidence showing EWS intentionally or recklessly committed any act or omission in violation of FCRA, or that Plaintiff suffered damages from such act. Therefore, Plaintiff has not met his summary judgment burden to create a material issue of disputed fact on all elements of his claims, and EWS is entitled to summary judgment as a matter of law.

### IV.  Conclusion and Order

For the reasons set forth above, the Court ORDERS that Defendant's Motion for Summary Judgment (ECF 23) is GRANTED and this case is DISMISSED WITH PREJUDICE.

Signed on October 25, 2022, at Houston, Texas.

                                                                                            _____
                                                                                            Christina A. Bryan
                                                                                            United States Magistrate Judge